**LIBERTY & FREEDOM LEGAL GROUP, LTD**

June 13, 2025

APPLICATION GRANTED
SO ORDERED

*/s/ John G. Koeltl*
John G. Koeltl, U.S.D.J.

6/17/25

**VIA ECF**

Hon. John G. Koeltl
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: ***Diaz et al. v. Avilés-Ramos et al.***, 25-cv-01241 (JGK)

Dear Judge Koeltl:

As you may recall, the undersigned represents the Plaintiffs in the above-referenced matter, brought under the Individuals with Disabilities Education Act ("IDEA"). Per Your Honor's Individual Practices, VII (A)(2), Plaintiffs respectfully request permission to file the administrative record here (the "Record") under seal. In any action brought under 20 U.S.C. § 1415 (i)(2), the Court, *inter alia*, shall receive the records of the administrative proceedings. See 1415 (i)(2)(C)(i).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). One such competing interest weighing against disclosure is "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)("Certainly, the privacy interests of innocent third parties as well as those of Defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted."). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Matter of New York Times Co.*, 828 F.2d at 116).

Courts often permit filings under seal in IDEA actions to protect the privacy interests of minor Plaintiffs, including the confidentiality of their medical and other sensitive information. *See, e.g., J.L. on behalf of J.P. v. New York City Dep't of Educ.*, No. 17 Civ. 7150, 2024 WL291218, at *3 (S.D.N.Y. Jan. 25, 2024).

---

646-850-5035 | 105 East 34th Street, #190 New York, NY 10016 | LibertyFreedom.law

In this action, the Record contains confidential and personally identifiable details about N.D., a minor, including particularly sensitive information about his health and education. The disclosure of such information is protected by 20 U.S.C. § 1415(a), which aims to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free and appropriate public education by state and local agencies." Children with disabilities and their parents have a right to the "confidentiality of any personal identifiable data, information, and records," as stated in 20 U.S.C. § 1415(h)(4), 1417(c). Thus, protecting the disclosure of this extremely sensitive information is a compelling interest that weighs in favor of sealing the Record.

Sealing the Record is also narrowly tailored to satisfy that interest. Although redaction is theoretically an alternative, it would be overly burdensome, as the Record exceeds 1,000 pages and is replete with confidential information. Furthermore, the information that would need to be redacted is the private information of N.D., including information regarding his health status, disabilities, and the health and educational services he requires to be provided a free appropriate public education under the IDEA. This information is crucial for a comprehensive understanding and evaluation of the merits of this action. For example, an evaluation of the merits of this action will require Your Honor to review the Individualized Education Program ("IEP") that Defendants created for Plaintiff N.D., to determine whether the IEP accounted for N.D.'s educational and health needs and provided N.D. with a free appropriate public education. Redacting these health and educational needs renders the IEP unintelligible and useless for evaluating this action.

Because sealing the Record is the only way for the Court to both protect the compelling privacy interests of the Plaintiffs and for the Record to be useful in evaluating this action, the Plaintiffs should be allowed to submit the Record as a sealed filing.

The Plaintiffs thank the Court for its courtesy and consideration in this matter.

Respectfully submitted,

*Rory J. Bellantoni*

Rory J. Bellantoni (RB2901)

Cc: All Counsel of Record via ECF