25-cv-1241 (JGK)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CANDIDA DIAZ individually and as Parent and Natural
Guardian of N.D.,

Plaintiff,

- against -

MELISSA AVILES-RAMOS, in her official capacity as
Chancellor of the New York City Department of
Education, *et ano.*,

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*

Jaimini Vyas
Tel: (212) 356-2079
jvyas@law.nyc.gov

Thomas Lindeman, Esq.
(212) 356-4018
tlindema@law.nyc.gov

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT

      POINT I

             THE SRO CORRECTLY FOUND THAT
             PLAINTIFF'S CLAIMS RELATED TO THE 2021–
             2022 SCHOOL YEAR WERE BARRED BY THE
             STATUTE OF LIMITATIONS. .................................................................. 2

      POINT II

             THE SRO CORRECTLY FOUND THAT THE
             DOE PROVIDED N.D. A FAPE FOR THE 2022–
             2023 AND 2023–2024 SCHOOL YEARS. .................................................. 6

CONCLUSION ............................................................................................................... 9

CERTIFICATE OF COMPLIANCE ............................................................................ 11

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                                                          **<u>Pages</u>**

*Bird v. Banks*,
   No. 22-cv-8049 (JGK), 2023 U.S. Dist. LEXIS 212039
   (S.D.N.Y. Nov. 29, 2023) ................................................................................................7

*Boffa v. Banks*,
   764 F. Supp. 3d 120 (S.D.N.Y. 2025) .............................................................................5

*Charlotte-Mecklenburg Cnty. Bd. of Educ. v. Brady*,
   66 F.4th 205 (4th Cir. 2023) ............................................................................................4

*D.C.G. v. N.Y.C. Dep't of Educ.*,
   2024 U.S. Dist. LEXIS 27713
   (S.D.N.Y. Feb. 15, 2024) ................................................................................................8

*E.H. v. Bd. of Educ. of Shenendehowa Cent. Sch. Dist.*,
   361 F. App'x 156 (2d Cir. 2009) .....................................................................................3

*Ferreira v. Aviles-Ramos*,
   120 F.4th 323 (2d Cir. 2024) ...........................................................................................9

*Hoeft v. Tucson Unified Sch. Dist.*,
   967 F.2d 1298 (9th Cir. 1992) .........................................................................................3

*Hope v. Cortines*,
   872 F. Supp. 14 (E.D.N.Y. 1995) ...................................................................................3

*Landsman v. Banks*,
   No. 23-CV-6404 (VEC), 2024 U.S. Dist. LEXIS 135370
   (S.D.N.Y. July 31, 2024) ...........................................................................................9-10

*M.G. v. New York City Dep't of Educ.*,
   15 F. Supp. 3d 296 (S.D.N.Y. 2014) ...........................................................................3-4

*Mason v. Carranza*,
   No. 20-CV-4010 (PKC) (SJB), 2023 LX 83298 (E.D.N.Y. Sep. 22, 2023)...........................6

*Mejia v. Banks*,
   2024 U.S. Dist. LEXIS 177011 (S.D.N.Y. Sep. 27, 2024)....................................................9

*M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.*,
   226 F.3d 60 (2d Cir. 2000)...............................................................................................9

**Cases**                                                                    **Pages**

*Polera v. Bd. of Educ.*,
    288 F.3d 478 (2d Cir. 2002)......................................................................8

*R.B. v. Dep't of Educ. of N.Y.*,
    2012 U.S. Dist. LEXIS 102099 (S.D.N.Y. July 18, 2012) .......................3

*R.B. v. N.Y.C. Dep't of Educ.*,
    2011 U.S. Dist. LEXIS 106273 (S.D.N.Y. Sep. 16, 2011).......................3

*Roges v Boston Pub. Schools*,
    2015 WL 1841349, [D. Mass. Apr. 17, 2015] .........................................4

*Thomason v. N.Y.C. Dep't of Educ.*,
    No. 23-cv-8654 (LJL), 2025 U.S. Dist. LEXIS 14262
    (S.D.N.Y. Jan. 27, 2025)............................................................................9

*Wenger v. Canastota Cent. Sch. Dist.*,
    No. 97-9441, 2000 U.S. App. LEXIS 4647
    (2d Cir. Mar. 22, 2000) .............................................................................8

*Wong v. State Dep't of Educ.*,
    2018 U.S. Dist. LEXIS 10280 (D. Conn. 2018) ......................................4

**Statutes**

34 C.F.R. § 300.511(e)........................................................................................2

8 N.Y.C.R.R. § 200.5(j)(1)(i)..............................................................................2

8 NYCRR 200.6[h][4][iii] ..................................................................................6

20 U.S.C. § 1412(a)(10)(C)(iii) ..........................................................................9

20 U.S.C. § 1412(a)(10)(C)(iii)(I).......................................................................9

20 U.S.C. § 1412(a)(10)(C)(iii)(I)(aa)-(bb) .......................................................9

20 U.S.C. § 1415(b)(6)(B) ..................................................................................2

20 U.S.C. § 1415(d) ............................................................................................2

20 U.S.C. § 1415(d)(1)(A)...................................................................................2

**Statutes**                                                                                      **Pages**

20 U.S.C. § 1415(f)(3)(B)..............................................................................................................3

20 U.S.C. § 1415(f)(3)(C)..............................................................................................................2

N.Y. Educ. Law § 4404(1)(a) ........................................................................................................2

## PRELIMINARY STATEMENT

Defendants Melissa Aviles-Ramos and the New York City Department of Education (collectively "DOE" or "Defendants") submit this reply memorandum of law in further support of Defendants' cross-motion for summary judgment. ECF 21. For the reasons stated in Defendants' initial Memorandum in support of its motion for summary judgment and below, the Court should uphold the SRO's holding that (1) Plaintiff's claims related to the 2021-22 school year ("SY") are barred by the statute of limitations; and (2) DOE offered N.D. a free and appropriate public education ("FAPE") for SY 2022-2023 and irrespective of FAPE, Plaintiff is not entitled to the relief of "reimbursement" or money damages she seeks for extended school year ("ESY") 2022-2023 because Student attended a DOE school and not iBrain; (3) DOE offered N.D. a FAPE for the 2023-2024 extended school year and irrespective of FAPE, Plaintiff is not entitled to the relief requested because she filed her ten-day notice six months and nine days after unilaterally enrolling Student at iBrain, and (4) dismiss the Complaint in its entirety, and grant Defendants' cross-motion for summary judgment and any and all further relief the Court deems proper.

## **ARGUMENT**

### **POINT I**

### **THE SRO CORRECTLY FOUND THAT PLAINTIFF'S CLAIMS RELATED TO THE 2021–2022 SCHOOL YEAR WERE BARRED BY THE STATUTE OF LIMITATIONS**

The SRO correctly held that "the parent's claims for 2021-22 are barred by the statute of limitations" because *Plaintiff never argued before the Impartial Hearing Officer* ("IHO") that DOE allegedly did not provide her with a procedural safeguards notice as required by 20 U.S.C. § 1415(d) for SY 2021-2022 and thus waived the claim that the statute of limitations should be tolled for that reason. SD10-11.[1] The SRO Decision correctly found that Plaintiff's April 19, 2024, DPC alleging that DOE denied a FAPE for SY 2021-2022, was filed 11 months and 1 day after Plaintiff's two-year statute of limitations to file the DPC expired on May 18, 2023. 20 U.S.C. § 1415(f)(3)(C); *see also* 20 U.S.C. § 1415(b)(6)(B); N.Y. Educ. Law § 4404(1)(a); 34 C.F.R. § 300.511(e); 8 N.Y.C.R.R. § 200.5(j)(1)(i).

The SRO's ruling is consistent with this court's prior holding: "Plaintiff did not raise before the IHO his argument that the statute of limitations was tolled (because DOE allegedly failed to provide a procedural safeguards notice…), the Court found that the argument had been waived."

---

[1] Plaintiff's attempt to demonstrate that Plaintiff preserved this tolling argument by quoting a vague exchange between the IHO and DOE's staff attorney from the transcript of the May 28, 2024 hearing conducted before IHO Michele Host at T191-92 is unavailing because 20 U.S.C. § 1415(d)(1)(A) requires, in relevant part, that "A copy of the procedural safeguards available to the parents of a child with a disability **shall be given to the parents only 1 time a year**"—it does not require that DOE "provide[] a copy of the parent's due process rights in her native language after the IEP meetings" (emphasis added); and (2) the witness did not understand what Plaintiff's Counsel meant by "due process right." Pltf Opp., ECF 21 at 15-16.

*R.B. v. Dep't of Educ. of N.Y.*, 2012 U.S. Dist. LEXIS 102099, at *7-8 (S.D.N.Y. July 18, 2012).[2] Plaintiff provides no binding legal authority controverting this rule and, instead, directs the Court's attention to her arguments before the SRO—arguments Plaintiff waived by not asserting at the IHO level. *See* ECF 21 at 11.

Moreover, since Plaintiff alleged DOE's supposed failure to provide her with a procedural safeguards notice for the first time in her appeal before the SRO, DOE had no obligation to enter a copy of that notice into the record at the IHO level. "Here, because Plaintiff did not raise this argument ["that the DOE failed to provide him with a notice of procedural safeguards"] before the IHO, there is no evidence in the record that would permit this Court to make a finding as to whether Defendants violated the regulation. Accordingly, the Court—like the SRO below—finds that this argument has been waived." *R.B.*, 2011 U.S. Dist. LEXIS 106273, at *19-20. Plaintiff's attempts to shift the burden to DOE with misplaced citations to *M.G. v. New York City Dep't of Educ.*, 15

---

[2] In *R.B.*, 2011 U.S. Dist. LEXIS 106273, at *18-20, the Court upheld the SRO's finding that, as here, plaintiff waived the argument regarding the exception to the statute of limitations for DOE's alleged failure to provide a notice of procedural safeguards by raising it for the first time on appeal to the SRO:

> Plaintiff argued that the DOE failed to provide him with a notice of procedural safeguards for the first time on appeal to the SRO. Because Plaintiff did not raise this issue in his due process complaint or at the due process hearing, the SRO found that "this argument has been waived and is outside the scope of the instant appeal." (SRO Op. at 10 (citing 20 U.S.C. § 1415(f)(3)(B)… . As other courts have noted, a party's failure to raise an argument during administrative proceedings generally results in a waiver of that argument. *See, e.g., E.H. v. Bd. of Educ. of Shenendehowa Cent. Sch. Dist.*, 361 F. App'x 156, 158 (2d Cir. 2009); *A.D.*, 690 F. Supp. 2d at 214 n.16. By requiring parties to raise all issues at the lowest administrative level, IDEA "affords full exploration of technical educational issues, furthers development of a complete factual record and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Hope v. Cortines*, 872 F. Supp. 14, 19 (E.D.N.Y. 1995) (quoting *Hoeft v. Tucson Unified Sch. Dist.*, 967 F.2d 1298, 1303 (9th Cir. 1992)).

F. Supp. 3d 296, 304 (S.D.N.Y. 2014), *Wong v. State Dep't of Educ.*, 2018 U.S. Dist. LEXIS 10280, *19 (D. Conn. 2018), and *Charlotte-Mecklenburg Cnty. Bd. of Educ. v. Brady*, 66 F.4th 205 (4th Cir. 2023) are unavailing. *See* Pltf Opp., ECF 21 at 13-14, 17-18.

Separately, Plaintiff's assertion—that "the SRO never addressed [her] argument" that the statute of limitations would not bar any claims alleged as the parent did not know about the denial of a FAPE for SY 2021-2022 until the student was assessed and evaluated just prior to enrollment at iBrain on September 11, 2023—is meritless. *See* Pltf Opp., ECF 21 at 12. First, the Plaintiff presented that argument to the IHO, but not the SRO, and thus waived it at the SRO level. *See* Pltf Reply, P124-25 (limiting limitation argument to DOE's alleged failure to provide a procedural safeguards notice); *see also* SD10 (SRO Decision noting same). Second, Plaintiff's claim is belied by the SRO's well-reasoned rejection of Plaintiff's argument that parent only learned about her claim for SY 2021-2022 around September 2023:

> The parent's claims [regarding a denial of FAPE for SY 2021-2022] relating to the category of classification and the CSE's special class, related services, and special transportation recommendations are such that they each likely accrued at the time of the CSE meeting or when the parent received a copy of the resultant IEP; in other words, "almost immediately" after each action underlying the complaint occurred, notwithstanding that the parent may have subsequently "acquired additional information" about her claims (Roges v Boston Pub. Schools, 2015 WL 1841349, at *3 [D. Mass. Apr. 17, 2015]). Moreover, at the latest, the parent knew or should have known about her claim directed at the assigned public school for the 2021-22 school year when the student began attending such school. Thus, on its face, the due process complaint notice reveals that, as of the May 17, 2021 CSE meeting, which she attended, or, at the latest, when the student began attending the district public school, the parent knew or should have known about her claims for the 2021-22 school year.

SRO Decision, SD10.

Based on the above evidence, the SRO correctly found that Plaintiff knew or should have known of her claim for SY 2021-2022 when she "attended the May [17,] 2021 CSE meeting and

expressed concerns about the student's assistive technology device and communication skills... . or, at the latest, when the student began attending the district public school" in September 2021. SRO Decision, SD10 (citing DPC, S4). Plaintiff's argument leads to the rule that for a newly enrolled student at a private school, the statute of limitations is always tolled until the school conducts its evaluations of the student. Finally, to the extent evaluations appeared insufficient, Defendant has not challenged the SRO's order to fund an Independent Educational Evaluation ("IEE") to include a functional vision evaluation, an assistive technology evaluation, and a neuropsychological evaluation of the student subject to the district's criteria. *See* SRO Decision, SD23.

Plaintiff's reliance on *Boffa v. Banks*, 764 F. Supp. 3d 120 (S.D.N.Y. 2025) is inapposite. There, after the student visited the NYU Langone Eye Center in November 2021, she was found to be legally blind and was recommended for full vision services. *Id.* at 125. Noting that the IEPs for the previous years had completely "failed to identify A.M.'s blindness and recommend vision services," the court held that "Boffa did not have reason to know about A.M.'s blindness until September 2021," and held that "Boffa's claims reaching back to SY 2009-10, ***to the extent they concern DOE's failure to provide A.M. with vision-related services***, are not precluded by the IDEA's statute of limitations." *Id.* at 129 (emphasis added). In this case, Plaintiff does not allege that a disability affecting the Student-Plaintiff remained undetected until iBrain evaluated him before September 11, 2023.

For the above reasons, the Court should uphold the SRO's decision that Plaintiff's claims for SY 2021-22 are time-barred.

**POINT II**

**THE SRO CORRECTLY FOUND THAT THE DOE PROVIDED N.D. A FAPE FOR THE 2022–2023 AND 2023–2024 SCHOOL YEARS**

The Court should affirm the SRO's well-reasoned finding that the DOE offered N.D. a FAPE for SYs 2022-2024. Plaintiff's "issue of disability classification 'is a red herring' as '[d]isability classification is used for one and only one purpose: to ascertain whether a child f[a]lls into one of the 13 categories that render her[/him] eligible for special education services.'" *See Mason v. Carranza*, No. 20-CV-4010 (PKC) (SJB), 2023 LX 83298, at *29 (E.D.N.Y. Sep. 22, 2023) (classification as a student with "multiple disabilities" instead of "traumatic brain injury" did not deny him a FAPE). Separately, the SRO correctly held that the IHO erred in finding a 12:1+(3:1) classroom inappropriate for Student due to his intensive management needs because the IHO's "analysis did not take into account the State regulation describing the 12:1+(3:1) special class recommended by the March 2023 CSE (see, 8 NYCRR 200.6[h][4][iii])." SD19. The SRO explained that "[w]here a student's needs could be deemed to fit within the definitions for more than one special class ratio, such as an 8:1+1 and a 12:1+4 special classes, pursuant to the definitions set forth in State regulation, the student's unique needs must dictate the analysis of whether the CSE recommended an appropriate class size (Carrillo v. Carranza, 2021 WL 4137663, at *17 [S.D.N.Y. Sept. 10, 2021], aff'd sub nom., Navarro Carrillo, 2023 WL 3162127)," SD19, and credited the teacher's testimony explaining why the 12:1:+(3:1) was appropriate for the student's needs. *See* SD20.

The SRO correctly found, with extensive support in the administrative record spanning nearly 10 pages, ECF 16-1 at 17-27; SD11-21, that the DOE offered the Student-Plaintiff a FAPE for SYs 2022-23 and 2023-24, specifically noting for SY 2022-2023 that:

>As reflected above, the district conducted its own evaluations of the student which included the SANDI, which generally assessed the student's academics, communication, socio-emotional skills, gross motor and adaptive/daily living skills… . The district also assessed the student by teacher observation, a reinforcer inventory checklist, and a review [of] the student's prior year's IEP… . In addition, then-current assessments from the student's related services providers were documented in the IEP, as well as input from the parent, the student's providers and teachers, all of which constituted sufficient evaluative information for the CSE to develop the student's IEP… . The hearing record indicates that the CSE was able to consider current evaluative information largely derived from the district's own assessments and reports to develop the student's IEP for the 2022-23 school year.

SD16-17.

Alternately, the Court should deny as academic Plaintiff's request to reverse the portions of SRO Decision No. 24-363 finding that DOE offered N.D. a FAPE for ESY 2022-2023. Irrespective of whether Defendants denied Student a FAPE for that year, the Student is not entitled to funding or "reimbursement" at iBrain or its related service providers for ESY 2022-2023 because the Student was educated at a DOE school that year, not at iBrain, and only "began attending iBrain on September 11, 2023" for ESY 2023-2024. SD4. Nor is Plaintiff entitled to an "order directing the DOE to fund two (2) years of tuition and related services, including special transportation, for [Student] at iBRAIN as compensatory services for the DOE's [alleged] failure to address [Student's] needs in the 2021-2022 and 2022-2023 school years," DPC, S12—either for SY 2023-2024 or any subsequent year. That would constitute monetary damages unavailable under the IDEA. "[T]he IDEA does not provide for compensatory money damages." *Polera v. Bd. of Educ.*, 288 F.3d 478, 484 (2d Cir. 2002); "[T]he case law is clear that the IDEA is not designed to provide a damages remedy, but rather to 'make up' for gaps in the student's education." *D.C.G. v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 27713, at *25 (S.D.N.Y. Feb. 15, 2024); *Bird v.*

*Banks*, No. 22-cv-8049 (JGK), 2023 U.S. Dist. LEXIS 212039, at *22 (S.D.N.Y. Nov. 29, 2023)

("the IDEA does no[t] allow for … monetary damages"). Additionally, such a prospective award

of tuition at a school "constitute[s] an improper usurpation of the CSE's role by the due process

system." *Bird*, No. 22-cv-8049 (JGK), at *7.

  The Court should also affirm the SRO's well-reasoned finding that the DOE offered N.D.

a FAPE for ESY 2023-2024. After extensively analyzing the evidence in the record, the SRO

found that the "recommended placement in a 12:1+(3:1) special class with related services and

assistive technology" offered a FAPE for SY 2023-2024:

> the March 2023 CSE had information available to make a
> determination that the student's recommended placement in a
> 12:1+(3:1) special class with related services and assistive
> technology was reasonably calculated to enable the student to
> continue to make progress in light of his circumstances for the 2023-
> 24 school year in an educational program which focused largely on
> habilitation and treatment, taking into account his intensive
> management needs, medical needs, and multiple diagnoses. Based
> on the foregoing, evidence in the hearing record does not support
> the IHO's finding that the recommended 12:1+(3:1) special class
> placement was inappropriate or denied the student a FAPE for the
> 2023-24 school year.

ECF 16-1 at 26-27.

  Alternately, the Court should deny as academic Plaintiff's request to reverse the portions

of SRO Decision No. 24-363 finding that DOE offered N.D. a FAPE for the ESY 2023-2024

because the Plaintiff is not entitled to the relief they seek as Plaintiff sent the statutorily required

10-day notice on March 20, 2024, six months and nine days after unilaterally enrolling Student at

iBrain. Plaintiff thus "depriv[ed] the district of an opportunity, before the child was removed, to

assemble a team, evaluate the child, devise an appropriate plan and determine whether a FAPE can

be provided in the public schools" by sending the 10-day notice of unilateral placement "more than

six months" after the student began attending iBrain. SD23 n.14 *citing* 20 U.S.C. § 1412(a)(10)(C)(iii)(I).

> "[R]eimbursement is barred where parents unilaterally arrange for private educational services without ever notifying the school board of their dissatisfaction with their child's IEP." *M.C. ex rel. Mrs. C. v. Voluntown Bd. of Educ.*, 226 F.3d 60, 68 (2d Cir. 2000); *see also* 20 U.S.C. § 1412(a)(10)(C)(iii)(I)(aa)-(bb) (providing that reimbursement may be reduced or denied if parent fails to timely give notice to school district of intent to reject placement and to enroll child in private school at public expense)."

*Ferreira v. Aviles-Ramos*, 120 F.4th 323, 330 (2d Cir. 2024).

In previous cases, this court denied requests for reimbursement by plaintiffs represented by this same law firm for untimely providing the ten-day notice as required by 20 U.S.C. § 1412(a)(10)(C)(iii). *See* discussion in Def. Br., ECF 19 at 26 to 29. Finally, Plaintiffs were not the prevailing party at the administrative level and are not entitled to reasonable attorneys' fees, costs, and expenses.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court deny Plaintiff's motion for summary judgment in its entirety, grant Defendants' cross-motion for summary judgment in its entirety, and grant Defendants such other and further relief as the Court deems just and proper.

Dated:        New York, New York
              August 22, 2025

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, N.Y. 10007
Office: 212-356-2079
jvyas@law.nyc.gov

_____

Jaimini A. Vyas
*Assistant Corporation Counsel*

## **CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that pursuant to Your Honor's Individual Rule 3(D) this memorandum of law complies with Your Honor's formatting rules and contains approximately 2,795 words, excluding the cover page, certification of compliance, table of contents, and table of authorities, which is less than the 2,800 words permitted by Your Honor. Counsel relies on the word count function of the computer program used to prepare this brief.

Dated:        New York, New York
              August 22, 2025

_____
Jaimini A. Vyas
*Assistant Corporation Counsel*